NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

No. 4644.—Invoices dated Kobe, Japan, May 25, June 9, 1934.
    Entered at New York July 2, 23, 1934.
    Entry Nos. 61404, 63245.

(Decided September 25, 1939)

*Siegel & Mandell* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

McCLELLAND, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED, between the parties hereto, subject to the approval of the Court, that in the reappraisements described herein, that the prices on the dates of exportation at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the values shown on the invoices covered by the entries subject of the reappraisements herein.

IT IS FURTHER STIPULATED AND AGREED that there is no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the merchandise covered by said reappraisements, no like or similar merchandise was manufactured or produced in the United States within the meaning of section 336 or section 402 (g) of the Tariff Act of 1930, under the decision in Reappt. Dec. number 4568.

IT IS FURTHER STIPULATED AND AGREED that the merchandise consists of paper and cotton upper rubber-soled footwear, similar in all material respects to the merchandise the subject of the decision of the United States Customs Court in the case of *United States* v. *Japan Import Co., Inc.*, reported in Reappraisement Circular No. 4568.

IT IS FURTHER STIPULATED AND AGREED that the record in Reappraisement Circular No. 4568 be incorporated and made a part of the record in the reappraisements herein and that the cases be deemed submitted on this stipulation.

In harmony with the stipulation I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoiced values. Judgment will be rendered accordingly.